UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CATHIE L. PARKER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>IDEARC MEDIA SALES - WEST INC.,<br><br>　　　　　　Defendant. | CASE NO. C07-1293BHS<br><br>ORDER DENYING<br>DEFENDANT'S MOTION<br>FOR RECONSIDERATION |

This matter comes before the Court on Defendant's Motion for Reconsideration (Dkt. 62). The Court has considered the pleading filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On August 17, 2007, this action was removed from the Superior Court of the State of Washington in and for the County of Snohomish to the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 1331, 1332 and 1441. Dkt. 1.

On August 31, 2007, Plaintiff Cathie Parker filed an Amended Complaint against Defendant Idearc Media Sales – West Inc. alleging damages for gender and disability discrimination in violation of the Washington Law Against Discrimination ("WLAD"), RCW Chapter 49.60, conduct in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. Chapter 28, and defamation of character. Dkt. 11.

ORDER

| | |
|---|---|
| 1 | On November 13, 2008, Defendant filed a Motion for Summary Judgment. Dkt. 31. On December 1, 2008, Plaintiff responded and included a motion to strike evidence submitted by Defendant. Dkt. 45. On December 5, 2008, Defendant replied. Dkt. 52. |

On November 13, 2008, Defendant filed a Motion for Summary Judgment. Dkt. 31. On December 1, 2008, Plaintiff responded and included a motion to strike evidence submitted by Defendant. Dkt. 45. On December 5, 2008, Defendant replied. Dkt. 52.

On December 30, 2008, the Court issued an order granting in part and denying in part Defendant's motion. Dkt. 58 ("Order"). The Court granted Defendant summary judgment on Plaintiff's claims of gender discrimination and retaliation under the WLAD, disability retaliation under the WLAD, and defamation. *Id*. at 11. The Court denied Defendant summary judgment on Plaintiff's claims for violation of the FMLA and discrimination under the WLAD. *Id*.

## II. FACTUAL BACKGROUND

The facts are thoroughly explained in the Order.

## III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

On reconsideration, Defendant requests that the Court grant it summary judgment on Plaintiff's claim for violation of the FMLA. Order at 5. First, Defendant claims that Plaintiff's March-July leave was not FMLA-protected leave. Dkt. 62 at 2-3. The Court recognized that fact in the Order. *See* Order at 3, lines 7-10.

Second, Defendant claims that no member of the board that decided to terminate Plaintiff's employment was aware that Plaintiff was on FMLA-protected leave when they made their decision. Dkt. 62 at 3-4. As stated in the Order, the binding precedent is that Plaintiff must produce either circumstantial or direct evidence that FMLA-protected leave was a "negative factor" in Defendant's decision to terminate her. *See* Order at 7.

ORDER

Obviously, if Plaintiff is unable to show that there was a possibility that someone involved in the decision to terminate her employment had knowledge or access to information that she was on FMLA-leave, then she would fail to show that the leave was a negative factor. Plaintiff, however, has produced *some* circumstantial evidence that raises an inference that her FMLA-protected leave was a "negative factor" in Defendant's decision to terminate her employment. The Court recognizes that this evidence is scant, but it is in the record. For example, Plaintiff has produced some evidence that other employees feared that their employment would be terminated if they asked for protected leave. Order at 11. Plaintiff has also shown that there was a short period of time between her asking for leave and Defendant terminating her employment. Order at 12. Moreover, there was a series of phone calls between human resource personnel and the board that made the decision to terminate Plaintiff's employment. The inference could be drawn, notwithstanding Defendant's contention to the contrary, that the board had knowledge that Plaintiff was on leave when considering the decision to terminate Plaintiff's employment. Therefore, allowing Plaintiff to present this evidence to a jury and letting it draw reasonable inferences as it may is not manifest error.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 58) is **DENIED**.

DATED this 23rd day of January, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER